## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BLAINE ROBERT SAVAGE  #326880 | : |
| Petitioner | : |
| v. | :   Civil Action No. JFM-05-2755 |
| JON P. GALLEY, WARDEN, *et al.* | : |
| Respondents | : |

..o0o..

### MEMORANDUM

This matter is before the court on petitioner Blaine Robert Savage's pro se application for a writ of habeas corpus under 28 U.S.C. §2254.  Petitioner challenges his conviction in 1994 in the Circuit Court for Baltimore City for assault and felony theft.  Counsel for respondents Jon P. Galley, Warden of Western Correction Institution and J. Joseph Curran, the Attorney General of Maryland, has filed an answer and exhibits seeking dismissal of the petition as time-barred.  Petitioner has replied in opposition.

Upon review of the pleadings, the court finds no need for an evidentiary hearing.  See 28 U.S.C. Section 2254(e)(2);  Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts.  The petition is time-barred under 28 U.S.C. §2244(d)(1) and will be dismissed by separate order.

**I. Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies a one-year statute of limitations applies to federal habeas petitions challenging non-capital state convictions.

See 28 U.S.C. § 2244(d).[1]  This one-year period is tolled while properly filed post conviction proceedings are pending and may otherwise be equitably tolled. See 28 U.S.C. §2244(d)(2); Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

## II. Procedural History

On November 10, 1994, petitioner pleaded guilty to assault and felony theft before the Circuit Court for Baltimore City.  He was sentenced to two consecutive sentences of five years each. The sentences were to be served concurrent to a forty-year sentence on a related conviction. Paper No. 5, Exhibit 3.  After successfully appealing the related conviction, Savage pleaded guilty on September 26, 1995, to second degree assault.  He was sentenced to ten years, consecutive to

---

[1] This section provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2

time served on the November 10, 1994, guilty pleas. Paper No. 5, Exhibit 3. Petitioner did not file an application for leave to appeal the entry of his 1994 guilty verdicts. See Md. Rule 8-202(a); Md. code Ann., Ct. & Jud. Pro. Art., §12-302(e) (1994).

Petitioner filed for state post conviction relief in the Circuit Court for Baltimore City on July 24, 2003. Paper No. 5, Exhibits 1 and 2. The court denied his petition on February 12, 2004.[2] His application for leave to appeal denial of his petition for post conviction relief was summarily denied by the Court of Special Appeals on September 13, 2004, and the mandate issued October 14, 2004. Paper No. 5, Exhibit 4. Petitioner filed this 28 U.S.C. § 2254 application for federal habeas corpus relief on September 20, 2005. Paper No. 1.[3]

**III. Analysis**

Under these facts, petitioner's convictions became final prior to the effective date of the AEDPA. See Wade v. Robinson, 327 F.3d 328, 332-333 (4th Cir. 2003). A grace period of one year applies to habeas petitioners where the conviction became final prior to April 24, 1996. See Brown v. Angelone, 150 F.3d 370, 371-76 (4th Cir. 1998); see also Hernandez v. Caldwell, 225 F.3d 435-40 (4th Cir. 2000) (holding that the limitations period begins to run on April 25, 1996, and expires on April 25, 1997, for convictions which became final before April 24, 1996). Accordingly, the one-year limitations period began to run in this case on April 25, 1996. Petitioner had no state post conviction proceedings pending from April 25, 1996 to July 23, 2003, and October 15, 2004

---

[2] The Circuit Court of Baltimore City initially filed the order denying post conviction relief on February 6, 2004. On February 12, 2004, it granted Petitioner's motion to re-file the order with its opinion on February 12, 2004. Paper No. 5, Exhibit 1.

[3] The petition is dated September 20, 2005. The court will assume for the purposes of assessing timeliness under 28 U.S.C. §2244(d) that it was delivered to prisoner authorities and therefore filed the same day. See Houston v. Lack, 487 U.S. 266 (1988); United States v. Dorsey, 988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule).

to September 19, 2005, a period exceeding eight years. As a result, the federal habeas petition is untimely.

Petitioner contends that equitable tolling is warranted because the State "breached the plea agreement in the assault and felony theft case." Paper No. 8 at 2; Paper No. 11 at 2. Petitioner contends he did not file an application for leave to appeal his assault and felony theft convictions because there was no "impriety [sic] of sentence at that time." Paper No. 8, Exhibit 1 at 2. As noted above, petitioner was sentenced to serve two consecutive terms of five years for assault and felony theft concurrent to a forty-year sentence on a related conviction. See supra note 2. Petitioner successfully appealed the related conviction. Subsequently, he pleaded guilty to second degree assault and was sentenced to ten years imprisonment consecutive to the assault and theft convictions. Paper No. 8, Exhibit 1.

Petitioner asserts that his 1994 plea agreement was breached because it called for a forty-year sentence to be served concurrent to two five-year terms, and after he entered his 1995 plea, his sentence was ten years consecutive to two five-year terms. Paper No. 8, Exhibit 1 at 2-5. He states that "he was made to believe that his total Sentence Would Remain Concurrent [sic]." Paper No. 8 at 4. Under the facts presented here, there is no evidence to show the 1994 plea agreements were breached by the State. Essentially, after he was sentenced on his 1995 plea, petitioner remained obliged to serve two consecutive five-year sentences. Instead of serving them concurrent to a forty-year sentence, they were to be served followed by the ten-year consecutive sentence imposed for the 1995 conviction. As clarified during the sentencing hearing on the 1995 plea, the total period of incarceration was for twenty years, with credit for any pretrial incarceration earned. Paper No. 8, Exhibit 1 at 3.

4

In order be entitled to equitable tolling, a petitioner must establish that either some wrongful conduct by respondent contributed to his delay in filing the petition or that circumstances beyond his control caused the delay. See Rouse v. Lee, 339 F. 3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F. 3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. Petitioner has not shown the delay in filing for federal habeas relief was a result of any wrongful conduct by respondent, and equitable tolling is unwarranted.

**IV. Conclusion**

For these reasons, the petition is time-barred under 28 U.S.C. §2244(d) and will be dismissed by separate order.

February 6, 2006                         /s/
 Date                                      J. Frederick Motz
                                           United States District Judge